UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 16, 2015

LETTER TO COUNSEL

      RE:   *Carl Jackson v. Commissioner, Social Security Administration*;
              Civil No. SAG-14-1271

Dear Counsel:

      On April 15, 2014, Plaintiff Carl Jackson petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1).  I have considered the parties' cross-motions for summary judgment.  (ECF Nos. 15, 17).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2014).  This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion.  This letter explains my rationale.

      Mr. Jackson filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 1, 2010.  (Tr. 283–97).  He alleged a disability onset date of October 24, 2010.  (Tr. 285, 292).  His claims were denied initially and on reconsideration.  (Tr. 190–95, 203–16).  A hearing was held on December 12, 2012, before an Administrative Law Judge ("ALJ").  (Tr. 73–125).  Following the hearing, the ALJ determined that Mr. Jackson was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 44–72).  The Appeals Council denied Mr. Jackson's request for review, (Tr. 1–6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Jackson suffered from the severe impairments of degenerative disc disease, degenerative joint disease of the bilateral knees, status post rotator cuff surgery, obesity, depression, anxiety, alcohol abuse, and gout.  (Tr. 49).  Despite these impairments, the ALJ determined that Mr. Jackson retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can do work that only occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing, and that has a sit/stand option that allows him to sit or stand alternately, at will.  Because of his mental impairments, he can perform jobs consisting of unskilled, routine, and repetitive tasks, with only occasional interaction with the public and coworkers.

*Carl Jackson v. Commissioner, Social Security Administration*
Civil No. SAG-14-1271
January 16, 2015
Page 2

(Tr. 56). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Jackson could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 65–66).

Mr. Jackson raises three arguments on appeal: (1) that the ALJ erred in evaluating the opinion of his treating physicians; (2) that the ALJ erred in analyzing his credibility regarding the limiting effects of his pain; and (3) that the VE's testimony failed to establish that there were jobs existing in significant numbers that Mr. Jackson could perform. Each argument lacks merit and is addressed below.

First, Mr. Jackson contends that the ALJ erred by assigning "little weight" to the opinions of his four treating physicians and psychologist, and by assigning "significant weight" to the opinion of the most recent State agency medical consultant who examined Mr. Jackson's treatment records. Pl. Mem. 10–12. The Fourth Circuit set forth parameters for evaluating medical opinions of treating physicians in *Craig*, 76 F.3d at 590, which were later refined by amendments to 20 C.F.R. §§ 404.1527 and 416.927. *See Pitman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001). When a medical opinion is from a "treating source," it is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If a treating source's medical opinion is not assigned controlling weight, however, in determining the weight to give the opinion, the ALJ should consider: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). In this case, the ALJ provided ten reasons supporting his decision to assign "little weight" to the opinions of his treating physicians, Dr. Kahn, Dr. Bell, and Dr. Lwin, and his treating psychologist, Dr. Villoria-Grageda. The ALJ explained that the opinions were entitled to little weight because: (1) all of the physicians relied heavily upon and uncritically accepted Mr. Jackson's subjective complaints; (2) each physician did not have the benefit of reviewing other medical reports contained in the record; (3) Dr. Kahn and Dr. Bell both only sporadically treated Mr. Jackson; (4) there is a possibility that the physicians' opinions were exaggerated due to sympathy for or pressure from Mr. Jackson; (5) the course of treatment pursued by the physicians was not consistent with disabling impairments; (6) the physicians' opinions that Mr. Jackson was not capable of work might only have referred to his past work; (7) the physicians' opinions are inconsistent with the other evidence of record, including Mr. Jackson's own testimony; (8) the physicians' opinions do not cite clinical and laboratory abnormalities significant enough to indicate disabling impairments; (9) the physicians' reports fail to address Mr. Jackson's apparent non-compliance with treatment and medication; and (10) Dr. Villoria-Grageda's opinion is internally inconsistent with respect to the severity of Mr. Jackson's limitations. (Tr. 63–65).

In support of his argument, Mr. Jackson claims that the ALJ's consideration of the likelihood that the opinions were exaggerated due to sympathy or pressure was improper. Pl. Mem. 11. Mr. Jackson also contends that the opinions of the physicians were consistent with

*Carl Jackson v. Commissioner, Social Security Administration*
Civil No. SAG-14-1271
January 16, 2015
Page 3

each other and supported by objective medical evidence. *Id.* It was arguably improper for the ALJ to consider the likelihood that the physicians' opinions were exaggerated due to sympathy for or pressure from Mr. Jackson in the absence of any concrete evidence supporting such exaggeration. It likewise may have been improper for the ALJ to speculate as to the treating physicians' familiarity with Social Security regulations. However, the remaining reasons underlying the ALJ's assignment complied with the regulations.

The ALJ found that Mr. Jackson's impairments restricted him to a limited range of light work, and Mr. Jackson has not shown how the objective evidence he cites indicates greater limitations than those found by the ALJ. Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In this case, as noted above, the ALJ provided substantial evidence in support of his assessment of the treating physicians' opinions.

Mr. Jackson also claims that the ALJ's assignment of "significant weight" to the opinions of State agency medical consultants Dr. McGuffin and Dr. Green was improper. State agency consultants are "highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation. 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2). When an ALJ considers the findings of a State agency consultant, the ALJ must evaluate the findings using the same factors applicable to other medical opinion evidence, including the specialty and expertise of the consultant, the supporting evidence in the case record, supporting explanations the consultant provides, and any other relevant factors. *Id.* In this case, the ALJ explained that the opinions of Dr. McGuffin and Dr. Green were entitled to significant weight because they were consistent with the record as a whole, supported by evidence and explanation, and because as State agency consultants, they were familiar with the Social Security regulations. (Tr. 63). Mr. Jackson's argument that the opinions of the State agency consultants were not entitled to significant weight simply because they did not examine him is unpersuasive.

Next, Mr. Jackson argues that the ALJ erred in analyzing his credibility. Pl. Mem. 12–14. Mr. Jackson claims that the ALJ deviated from the legal standard for evaluating a claimant's credibility. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints. *Craig*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects her ability to work." *Id.* at 595. In evaluating a claimant's credibility regarding the intensity, persistence, and limiting effects of his symptoms, the ALJ should consider both the objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency and intensity of symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate symptoms; (5) treatment, other than medication, received for relief of symptoms; (6) any measures used to relieve symptoms; and (7) any other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c), 416.929(c).

*Carl Jackson v. Commissioner, Social Security Administration*
Civil No. SAG-14-1271
January 16, 2015
Page 4

In this case, contrary to Mr. Jackson's contention, the ALJ plainly found that there was objective evidence of medical impairments reasonably likely to cause the symptoms alleged by Mr. Jackson. (Tr. 57). The ALJ went on to conclude, however, that Mr. Jackson's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. *Id.* First, the ALJ explained that Mr. Jackson's alleged subjective disabling symptoms were not entirely supported by the objective medical evidence of record. *Id.* Then, the ALJ considered whether the other evidence of record substantiated or contradicted Mr. Jackson's claims. In support of his determination that Mr. Jackson's claims were not entirely credible, the ALJ cited an abundance of evidence in accordance with the factors set forth in 20 C.F.R. §§ 404.1529(c) and 416.929(c). The ALJ specifically referenced multiple incidents where Mr. Jackson's testimony contradicted evidence of record. Mr. Jackson claims that two of the specific examples cited by the ALJ in support of his credibility analysis were "vague" and did not support the ALJ's conclusion. Specifically, Mr. Jackson takes issue with the ALJ's finding that Mr. Jackson's claim that he is completely unable to bend at the waist was contradicted by his testimony that he could put on his own socks. However, at the hearing, Mr. Jackson testified that he was indeed, able to put on his own socks. (Tr. 100). Mr. Jackson also argues that the ALJ erred by finding his back pain to be not severe, and by relying on the medical opinion of Dr. Hartmann. Pl. Mem. 13. However, the ALJ specifically found that Mr. Jackson's degenerative disc disease, which is the source of his back pain, is a severe impairment. (Tr. 49). Moreover, his reference to Dr. Hartmann's report was simply a summary; it did not include any assignment of weight. Finally, I note, once again, that this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ. *See Hays*, 907 F.2d at 1456. Mr. Jackson has not identified any evidence undermining the ALJ's credibility analysis, and I find that the ALJ provided substantial evidence in support of his assessment.

Mr. Jackson also contends that he submitted "new and material" evidence to the Appeals Council ("AC"). Mr. Jackson submitted evidence of medical treatment he received for his back pain between May 2013 and October 2013 to the AC. (Tr. 8–35). In its decision denying Mr. Jackson's request for review, the AC explained that it considered the additional evidence submitted by Mr. Jackson, but that the evidence was about a later time and, therefore, did "not affect the decision about whether [he was] disabled beginning on or before January 15, 2013." (Tr. 2). Mr. Jackson claims that the AC erred because the additional evidence contradicted the ALJ's statement, at the hearing, that other than a March 2011 treatment note from two months after Mr. Jackson's surgery, the record was void of continued complaints of low back pain. *See* (Tr. 101–02).

The AC is required to review additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95–96 (4th Cir. 1991). First, Mr. Jackson has not explained how the additional evidence he submitted related to the period on or before the date of the ALJ's decision. Nor has Mr. Jackson shown how the additional evidence undermines the ALJ's statement that Mr. Jackson did not complain of, or seek treatment for, back pain between March 2011 and the hearing date. Medical treatment sought between May 2013 and October

*Carl Jackson v. Commissioner, Social Security Administration*
Civil No. SAG-14-1271
January 16, 2015
Page 5

2013 simply does not shed light on the state of Mr. Jackson's back pain during the relevant time period. In support of his argument, Mr. Jackson cites *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011). In *Meyer*, the ALJ had partially based his decision on the fact that the record was void of the opinion of a treating physician that the claimant suffered from certain limitations. 662 F.3d at 707. In concluding that it could not determine whether substantial evidence supported the ALJ's denial of benefits, the Fourth Circuit emphasized that the additional evidence submitted by the claimant filled the gap noted by the ALJ, and, importantly, that it was the "only record evidence as to the opinion of the treating physician." *Meyer*, 662 F.3d at 706–07. Because the evidence cited by Mr. Jackson does not fill the evidentiary gap noted by the ALJ, and because medical treatment records are not accorded the same evidentiary weight as opinions of treating physicians, *Meyer* is inapposite. *See* 20 C.F.R. §§ 404.1527, 416.927. Moreover, "the regulatory scheme does not require the [AC] to do anything more than what it did in this case, i.e., consider new and material evidence . . . in deciding whether to grant review." *Meyer*, 662 F.3d at 706 (internal quotation marks omitted). The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation. *Id.* Accordingly, I find that the AC provided substantial evidence in support of its decision to deny Mr. Jackson's request for review.

Finally, Mr. Jackson argues that the VE's testimony failed to establish that there were jobs existing in significant numbers that Mr. Jackson could perform. Pl. Mem. 14–15. Specifically, Mr. Jackson takes issue with the VE's conclusion that he could perform the work of a retail marker because the VE stated that individuals in wheelchairs could perform that job. (Tr. 122). First, although the VE's statement that an individual in a wheelchair is capable of performing the job of retail marker is arguably irrelevant to this case, Mr. Jackson has failed to explain how that statement undermines the VE's conclusion that someone with Mr. Jackson's particular limitations is also capable of performing the job of retail marker. Mr. Jackson likewise takes issue with the VE's conclusion that he could perform the work of a ticket taker, in light of the fact that he is limited to only occasional interaction with the public. However, even if Mr. Jackson's limitation to only occasional interaction with the public precluded him from performing the job of ticket taker, the VE testified that there are 2,000 retail marker positions in the local economy and 400,000 such positions nationally, which constitutes more than a "significant number" of jobs. *Cf. Lawler v. Astrue*, No. 09–1614, 2011 WL 1485280, at *5 (D. Md. Apr. 19, 2011) (finding that the fact that there were only 75–100 jobs in the region where plaintiff lives "does not undermine the ALJ's conclusion that plaintiff is capable of performing work that exists in significant numbers in the national economy."); *Hicks v. Califano*, 600 F.2d 1048, 1051 n. 2 (4th Cir. 1979) (declining to determine that 110 regional jobs would be an insignificant number). Accordingly, any error in the ALJ's reliance on Mr. Jackson's ability to perform the job of ticket taker was harmless. I find that the ALJ provided substantial evidence in support of his conclusion that Mr. Jackson could perform jobs existing in significant numbers in the national economy.

For the reasons set forth herein, Mr. Jackson's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED. The clerk is directed to CLOSE this case.

*Carl Jackson v. Commissioner, Social Security Administration*
Civil No. SAG-14-1271
January 16, 2015
Page 6

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                  Sincerely yours,

                                      /s/

                                Stephanie A. Gallagher
                                United States Magistrate Judge